IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VITALY PINKUSOV, : | |
|    *Plaintiff*, : | |
| : | |
| v. : | CIVIL ACTION NO. 25-CV-4978 |
| : | |
| PURDUE PHARMA LLC, *et al.*, : | |
|    *Defendants*. : | |

**MEMORANDUM**

**Pappert, J.**                                                                                          **October 23, 2025**

*Pro se* Plaintiff Vitaly Pinkusov sued Purdue Pharma LLC and its debtors, alleging state law tort claims based on the 2007 death of his wife from a drug overdose. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice. Pinkusov will be granted leave to file an amended complaint if he can cure the deficiencies noted by the Court.

I[1]

Pinkusov alleges that his wife, Elina Goldovsky, died in their home on December 19, 2007, of "multiple drug intoxication, mainly due to her overdose of Oxycontin, an opioid drug that has been manufactured and distributed in [a] negligent manner by the Defendant, Purdue Pharma LLC." (Compl. at 3.) As a result of Goldovsky's death, Pinkusov claims he has "developed multiple medical conditions" including diagnoses for post-traumatic stress disorder ("PTSD") and depression in 2018 and obsessive-compulsive disorder ("OCD") in 2025. (*Id.* at 3-4.) He "believe[s] that potentially there

---

[1] The factual allegations are taken from the Complaint ("Compl.") (Dkt. No. 2). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

are more medical problems that are yet to be formally diagnosed." (*Id.* at 3.) Pinkusov seeks $225,000 in damages and asserts diversity jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* at 2, 4.)

II

The Court grants Pinkusov leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if, among other things, it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Additionally, a court may dismiss a complaint based on an affirmative defense, such as the statute of limitations "when the statute of limitations defense is apparent on the face of the complaint." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

As Pinkusov is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III

Pinkusov does not specify the legal basis for his claims. Because he asserts that he developed PTSD, depression, and OCD due to Purdue's allegedly negligent manufacturing and distribution of Oxycontin, which resulted in the death of his wife, the Court understands him to allege a claim for negligent infliction of emotional distress ("NIED") under state law.[2] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244,

---

[2] While Pinkusov alleges that Purdue "manufactured and distributed [Oxycontin] in [a] negligent manner," (Compl. at 3), he does not otherwise assert any facts to support a products liability claim based on negligent manufacturing, and the Court does not understand him to assert one. *See Campbell v. LVNV Finding, LLC and Resurgent Capital Servs.*, No. 21-5388, 2022 WL 6172286, at *7 (E.D. Pa. Oct. 7, 2022) (citing *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994)) (A "'passing reference' to jurisprudential precepts without more does not bring that issue before the Court in that it provides no basis for a ruling one way or the other."); *see also Foge, McKeever LLC v. Zoetis Inc.*, 565 F. Supp. 3d 647, 654 (W.D. Pa. 2021) ("To plead a viable negligent manufacturing claim, it is necessary to allege some facts that would plausibly suggest that the manufacturer failed to exercise a reasonable standard of care

3

248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name.").

In order to assert a plausible claim for NIED under Pennsylvania law, a plaintiff must allege one of the following four scenarios: (1) that the defendant had a contractual or fiduciary duty toward him; (2) that the plaintiff suffered from a physical impact; (3) that the plaintiff was in a "zone of danger" and at risk of immediate physical injury; or (4) that the plaintiff had a contemporaneous perception of tortious injury to a close relative. *Doe v. Phila. Cmty. Health Alternatives AIDS Task Force*, 745 A.2d 25, 27 (Pa. Super. Ct. 2000). If a plaintiff can allege one of the above factual scenarios, he must also allege two additional factors: (1) an emotional disturbance and (2) a physical harm. *Kovalev v. Lidl US, LLC*, 647 F. Supp. 3d 319, 346-47 (E.D. Pa. 2022) (citations omitted); *see also Bernstein v. Serv. Corp. Int'l*, No. 17-4960, 2018 WL 6413316, at *5 (E.D. Pa. Dec. 6, 2018) ("To recover damages for emotional distress under a negligence theory, a plaintiff must have experienced physical injury . . . . Pennsylvania courts have consistently required plaintiffs to allege physical manifestations of their emotional suffering.") (citations omitted). To plead a plausible NIED claim, a plaintiff must allege the traditional elements of negligence, i.e., that the defendant owed a duty of care to the plaintiff, the defendant breached that duty, the breach resulted in injury to the plaintiff, and the plaintiff suffered an actual loss or damage. *Graziano v. Pa. Dep't of Corr.*, No. 22-163, 2023 WL 6389756, at *32 (W.D. Pa. Sept. 30, 2023).

---

during the manufacturing process . . . . Conclusory allegations that a product was negligently manufactured are not, on their own, sufficient to plead a viable claim.") (citation and quotation marks omitted).

As an initial matter, Pinkusov's NIED claim is not plausible because his allegations are vague and conclusory. He asserts that Purdue manufactured and distributed Oxycontin in a negligent manner, but fails to allege with any specificity how Purdue was negligent. *See id.* at *32 (dismissing NIED claim where plaintiff "merely states that Defendants 'acted negligently,' and their negligence caused him to 'suffer[ ] injuries and damages . . . including severe emotional distress."); *see also Iqbal*, 556 U.S. at 678 ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement.") (citations and quotation marks omitted). Pinkusov's assertion that Goldovsky's death was "caused by the defendant" is likewise conclusory and fails to allege that Purdue's negligence was the proximate cause of either Goldovsky's overdose or Pinkusov's emotional distress. *See Est. of Rennick v. Universal Credit Servs., LLC*, No. 18-3881, 2019 WL 196539, at *5 (E.D. Pa. Jan. 15, 2019) (noting that to plead a claim for NIED "[a] plaintiff must also plausibly allege that defendant's negligence was the proximate cause of plaintiff's physical harm."); *see also Zimmerman v. Home Depot, Inc.*, No. 24-4353, 2024 WL 5126832, at *6 (D.N.J. Dec. 16, 2024) (dismissing plaintiff's negligence claim because, *inter alia*, her assertion that defendant caused her injuries consisted of "conclusory statements [that] lack supporting facts and are insufficient to plausibly state a claim for negligence."). Because Pinkusov fails to allege that Purdue proximately caused him harm, "the Court need not consider whether the Complaint presents any of the four factual scenarios supporting an NIED claim." *Est. of Rennick*, 2019 WL 196539, at *6. However, the Court will give Pinkusov leave to amend if he can allege additional facts to state a plausible claim.

5

Pinkusov's claims may also be time-barred. Pennsylvania's two-year statute of limitations for personal injury actions applies to Pinkusov's state law claims.[3] *See Vaughan v. Pathmark Stores, Inc.*, No. 99-18, 1999 WL 299576, at *3 (E.D. Pa. May 10, 1999) ("Under Pennsylvania law, the statute of limitations for both negligent and intentional infliction of emotional distress is two years from the date of accrual."); *see also* 42 Pa. Cons. Stat. § 5524(2) & (7). "[A] cause of action accrues when the plaintiff could have first maintained the action to a successful conclusion." *Fine v. Checcio*, 870 A.2d 850, 857 (Pa. 2005) (citing *Kapil v. Ass'n of Pa. State Coll. & Univ. Faculties*, 470 A.2d 482, 485 (Pa. 1983)). "Generally speaking, in a suit to recover damages for personal injuries, this right arises when the injury is inflicted." *Id.* (citing *Ayers v. Morgan*, 154 A.2d 788, 791 (Pa. 1959)). "[T]he limitations period starts to run at this time even if the full extent or severity of the injury is not yet known." *Alexis v. Connors*, No. 23-2502, 2024 WL 3534480, at *2 (3d Cir. July 25, 2024) (*per curiam*). Pennsylvania's discovery rule tolls the statute of limitations until "the plaintiff knows, or reasonably should know, (1) that [the plaintiff] has been injured, and (2) that [his or her] injury has been caused by another party's conduct." *Graziano*, 2023 WL 6389756, at *15.

Because the injury in this case giving rise to Pinkusov's NIED claim was Goldovsky's death on December 19, 2007, absent any tolling, the statute of limitations on that claim ran two years later, on December 19, 2009. *See Vaughan*, 1999 WL 299576, at *3. Pinkusov did not file suit until August 25, 2025. He does not allege that

---

[3] "A federal court must apply the substantive laws of its forum state in diversity actions . . . and these include state statutes of limitations." *Lafferty v. St. Riel*, 495 F.3d 72, 76 (3d Cir. 2007).

6

he was unable to promptly discover the causal connection between his emotional distress and Purdue's actions, so as to justify tolling under the discovery rule. *Arndt v. Wells Fargo Bank, N.A.*, No. 14-5586, 2015 WL 2395484, at *4 (E.D. Pa. May 20, 2015) (declining to apply tolling under the discovery rule where "there are no allegations currently before the Court involving Defendants' fraud or concealment, and Plaintiff in 'exercising reasonable diligence' certainly could have ascertained that she was injured by Defendants within the applicable statute of limitations period."). However, to the extent Pinkusov can allege additional facts that may warrant application of the discovery rule, he may do so in an amended complaint.

IV

For the foregoing reasons, the Court will grant Pinkusov leave to proceed *in forma pauperis* and dismiss the Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. An order follows providing Pinkusov with additional information about filing an amended complaint.

                                             **BY THE COURT:**

                                             */s/ Gerald J. Pappert*
                                             **GERALD J. PAPPERT, J.**